69 F.3d 546
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Karl WETTSTEIN; Mary Wettstein, Plaintiffs-Appellants,
v.
UNITED STATES of America; Stanyan Street Cyclery; Andreis
Chalkoord, Defendants-Appellees.
 No. 95-15156.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 19, 1995.
Decided Oct. 31, 1995.
 
 Before: SCHROEDER, FLETCHER, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Karl and Mary Wettstein appeal the district court's entry of summary judgment against them in their wrongful death suit based on their son's demise while riding a bicycle over allegedly rough pavement in the Golden Gate National Recreation Area. We have jurisdiction, 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Under the Federal Tort Claims Act, the United States is liable for torts only "if a private person [ ] would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. Sec. 1346(b).
 
 
 4
 California Civil Code Sec. 846 provides that an "owner of ... real property ... owes no duty of care to keep the premises safe for entry or use by others for any recreational purpose...." "There is no question that the statute applies to public federal roads on recreational land," Mattice v. U.S. Dept. of Interior, 969 F.2d 818, 821 (9th Cir.1992), such as the site of Tom Wettstein's accident.
 
 
 5
 The Wettsteins argue that Sec. 846 may not apply because Tom Wettstein may not have been riding his bicycle for a recreational purpose. They note that Lincoln Boulevard is a major thoroughfare. The Wettsteins rely on Domingue v. Presley of Southern California, 243 Cal.Rptr. 312 (Cal.Ct.App.1988), in which the court held that summary judgment was inappropriate for the landowner when a child bicyclist was injured while taking a shortcut over the property to his friend's house. Domingue is inapposite, however. The court "note[d] that not all ... bicycle riding is recreational," id. at 315, giving as examples bicycle messengers and the plaintiff before it; like many children, Domingue used his bicycle as transportation.
 
 
 6
 "Section 846 does not require that a plaintiff be engaged in a recreational activity at the time of the accident. The plain language states that a landowner 'owes no duty of care to keep the premises safe for entry or use by others for any recreational purpose.' Thus, the statute applies to injuries sustained while a plaintiff travels within the property as long as the plaintiff's purpose in entering the property was recreational." Mattice, 969 F.2d at 821 (emphasis added by Mattice ). Here, the undisputed evidence is that Tom Wettstein and his friend David Endry went for a Sunday afternoon bicycle ride, after lunch and a Bloody Mary, for the purpose of exercising and sightseeing--not transportation. Although the Wettsteins now argue that the ride through the Presidio may also have been for the purpose of getting to Baker Beach, that is both irrelevant and unsupported by the record. That a recreational bike ride may have been intended to terminate at another point of recreation does not alter the character of the ride. In any case, Endry candidly admitted in his deposition that they had no known destination:
 
 
 7
 I don't think I told him we were heading to Baker Beach. I just said we were heading in that direction. But quite honestly, at no point was that really a set destination.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3